139 F.3d 903
 11 NDLR P 358
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Janet C. CAMPBELL, Plaintiff-Appellant,
v.
RALEY'S, A CALIFORNIA CORPORATION; Charles O'Bear; and Dan
Abfalter, Defendants-Appellees.
 No. 96-17062.
D.C. No. CV-95-02043-EJG(GGH).
 United States Court of Appeals, Ninth Circuit.
 Argued and Submitted Dec. 9, 1997.
Decided Feb. 6, 1998.
 
 Appeal from the United States District Court for the Eastern District of California Edward J. Garcia, District Judge, Presiding.
 Before SKOPIL, D.W. NELSON, and TASHIMA, Circuit Judges.
 
 
 1
 MEMORANDUM*
 
 
 2
 Janet Campbell brought this action against her former employer, Raley's, alleging violations of the Americans with Disabilities Act (ADA) and California's analogous Fair Employment and Housing Act (FEHA), breach of an implied employment contract, and wrongful discharge in contravention of public policy. The district court granted the employer's motion for summary judgment. We affirm.
 
 1. Disability Discrimination
 
 3
 To fall within the protection of the ADA and FEHA,[1] Campbell must show that she suffers from "a physical or mental impairment that substantially limits one or more ... major life activities...." 42 U.S.C. § 12102(2)(A); Cal. Gov't Code § 12926(1) (adopting the ADA definition of "disability"). Campbell argues that she is substantially limited in the major life activity of working. The record shows, however, that her carpal tunnel syndrome only prevented her from performing some data entry duties. Thus, she was not incapable of performing a broad range or entire class of jobs. See 29 C.F.R. § 1630.2(j)(3)(i); Thompson v. Holy Family Hosp., 121 F.3d 537, 540 (9th Cir.1997) ("To establish a substantial limitation, [plaintiff] must demonstrate that she is 'significantly restricted in the ability to perform either a class of jobs or a broad range of jobs in various classes as compared to the average person having comparable training, skills and abilities.' The inability to perform one particular job does not constitute such a limitation.").
 
 
 4
 Campbell argues alternatively that she is disabled because Raley's regarded her as having an impairment. See 42 U.S.C. § 12102(2)(C). The same "substantial limitation" criteria apply, however, and Campbell provides no evidence that Raley's regarded her as substantially limited in her ability to perform a broad range or entire class of jobs. See Thompson, 121 F.3d at 541 (no evidence that employer believed plaintiff had a substantial limitation or was unable to perform a broad range of work). Thus, Campbell is not disabled.
 
 
 5
 2. Wrongful Discharge in Contravention of Public Policy
 
 
 6
 Campbell argues that she was tortiously discharged in contravention of the public policy against disability discrimination. Because Campbell is not disabled for purposes of the ADA and FEHA, however, Raley's has not violated either statute and thus has not offended public policy. See Sanders v. Arneson Prods., Inc., 91 F.3d 1351, 1354 (9th Cir.1996), cert. denied, --- U.S. ----, 117 S.Ct. 1247, 137 L.Ed.2d 329 (1997); Stevenson v. Superior Court, 16 Cal.4th 880, 66 Cal.Rptr.2d 888, 889-90, 941 P.2d 1157 (Cal.1997).
 
 3. Breach of Implied Employment Contract
 
 7
 Campbell contends that Raley's breached an implied employment contract. She provides no statement of facts, however, that could be construed as creating a contractual promise, either through oral representations, conduct of the parties, or surrounding circumstances. See Scott v. Pacific Gas & Elec. Co., 11 Cal.4th 454, 46 Cal.Rptr.2d 427, 432, 904 P.2d 834 (Cal.1995); Foley v. Interactive Data Corp., 47 Cal.3d 654, 254 Cal.Rptr. 211, 223, 765 P.2d 373 (Cal.1988). Campbell's bare assertion that Raley's breached some implied obligation is insufficient to raise a triable issue of fact.
 
 
 8
 AFFIRMED.
 
 
 
 *
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Campbell's state law FEHA and common law claims may be subject to the exclusive remedy provisions of the California Workers' Compensation Act (WCA). Cal. Labor Code § 132a. Until recently, California courts uniformly held that the WCA is the exclusive remedy for employees' work-related disability discrimination claims. See Langridge v. Oakland Unified Sch. Dist., 25 Cal.App.4th 664, 31 Cal.Rptr.2d 34, 37 (Cal.Ct.App.1994). The state courts are now divided, however, on whether 1993 amendments to the FEHA repealed the longstanding exclusivity rule. Compare City of Moorpark v. Superior Court (Dillon), 57 Cal.Rptr.2d 156 (Cal.Ct.App.1996) (repeal), with Cammack v. GTE Cal. Inc., 55 Cal.Rptr.2d 837 (Cal.Ct.App.1996) (no repeal), and Andreacchi v. Price Co., 61 Cal.Rptr.2d 854 (Cal.Ct.App.1997) (no repeal). Although the California Supreme Court has granted review in these cases, we need not await its decision. If the WCA offers the exclusive remedy for Campbell's state law claims, then we would not reach the merits of those claims. If the exclusivity rule has been repealed, Campbell's state law claims nevertheless fail for the reasons that follow